IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CV-514

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR FORFEITURE** |
| | ) | *IN REM* |
| v. | ) | |
| | ) | |
| $55,700.00 IN U. S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by the United States Attorney for the Eastern District of North Carolina, states as follows:

1. This is a civil action *in rem* brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C) providing for the forfeiture of property constituting or derived from proceeds traceable to an offense constituting a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), including trafficking in contraband cigarettes in violation of 18 U.S.C. § 2341.

2. This Court has subject matter jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355(a). The Court has *in rem* jurisdiction by virtue of 28 U.S.C. § 1355(b). Venue in this district is proper by virtue of 18 U.S.C. § 981(h) and 28 U.S.C. § 1395(b).

1

3. The defendant $55,700.00 in United States currency was seized in Granville County, North Carolina and is currently located in the Seized Asset Deposit Fund Account maintained by the United States Department of Homeland Security, within the Eastern District of North Carolina, within the jurisdiction of this Court.

4. The potential claimant is Othman Affan Nagi.

5. The facts and circumstances supporting the seizure and forfeiture of the defendant are contained in Exhibit A, Declaration of Special Agent Christopher E. Brant, U.S. Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), which is attached hereto and incorporated herein by reference. Such facts constitute probable cause for the seizure, arrest, and forfeiture of the defendant property and are sufficient to support a reasonable belief that the government will meet its burden of proof at trial that the defendant property should be forfeited.

6. The defendant is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE, in accordance with Supplemental Rule G(3)(b)(i), the plaintiff requests that the Clerk issue a warrant of arrest *in rem* for the defendant; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted, this 14th day of December 2021.

    MICHAEL F. EASLEY, JR.
    United States Attorney

    BY: /s/ Matthew L. Fesak
        MATTHEW L. FESAK
    Assistant United States Attorney
    Attorney for Plaintiff
    Civil Division
    150 Fayetteville Street, Suite 2100
    Raleigh, NC 27601
    Telephone: (919) 856-4530
    Facsimile: (919) 856-4821
    E-mail: matthew.fesak@usdoj.gov
    NC State Bar No. 35276

## VERIFICATION

I, Christopher E. Brant, Special Agent, U. S. Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), declare under penalty of perjury, as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture is based on reports and information known and/or furnished to me and to the best of my information and belief, is true and correct.

This the 13th day of December 2021.

*[signature]*

Christopher E. Brant
Special Agent
Homeland Security Investigations